FILED

November 17, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 8:00 AM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | |
|---|---|
| ANDY HUMPHREY,<br>     **Employee,** | )<br>) **Docket No. 2015-06-0107**<br>) |
| **v.** | ) **State File No.** 4491-2015<br>) |
| **LEWISBURG RUBBER AND**<br>**GASKET,**<br>     **Employer,** | ) **Judge Joshua Davis Baker**<br>)<br>)<br>) |
| **And** | )<br>) |
| **ACCIDENT FUND INS. CO.,**<br>     **Insurer.** | )<br>) |

## ORDER DENYING TEMPORARY BENEFITS
## (RECORD REVIEW ONLY)

This cause came before the undersigned on a Request for Expedited Hearing filed by the employee, Andy Humphrey, pursuant to Tennessee Code Annotated § 50-6-239 (2014). Mr. Humphrey seeks accrued and future temporary disability benefits and requests the Court enter an order based on review of the case file. The central legal dispute concerns whether Mr. Humphrey's injury arose primarily out of and in the course and scope of his employment with the employer, Lewisburg Rubber and Gasket. For the reasons provided below, the Court finds Mr. Humphrey failed to carry his burden of proving that he is likely to succeed at a hearing on the merits in proving a causal relationship between his injury and his work for the employer. The Court denies his claim for temporary disability benefits.[1]

---

[1] Additional information regarding the documents the Court considered in this record review is attached to this Order as an Appendix.

## Claim History

Mr. Humphrey is a sixty-three-year-old resident of Marshall County, Tennessee. On December 23, 2014, a little less than two weeks prior to the date of the alleged accident, Mr. Humphrey presented at Fast Pace Medical Clinic, PLLC "with a chief complaint of pain of the left lower extremity." (R. 4.) Fast Pace's providers diagnosed Mr. Humphrey with a sprain or strain and instructed him to follow up with his primary care physician. *Id.*

In his Petition for Benefit Determination (PBD), Mr. Humphrey alleged that, on January 5, 2015, he fell and fractured his femur while walking from his car to the door of his workplace at Lewisburg Rubber. He wrote, "walking on crutches, due to sprained mussel [sic], slipped and fell on uneven ground in parking lot, not handicapped [sic] friendly." (R. 5.)

That same day, Mr. Humphrey went to Marshall Medical Center where providers transferred him to Williamson Medical Center upon determining he had a fractured hip. At Williamson Medical Center, the medical notes indicate Mr. Humphrey told Dr. Charnes he developed a "twinge in the left hip" while stepping over his cats as he walked down the stairs to his basement carrying groceries approximately two weeks before the date of the alleged workplace accident. (R. 9.)

Following the incident at home, Dr. Charnes' notes indicate Mr. Humphrey experienced left-sided groin pain over the next several days, and went to a walk-in clinic where he received medication. *Id.* His pain, however, continued to worsen until he "felt kind of a pop in the left hip" while getting into his truck to go to work the morning of January 5. When he arrived at work, the medical records indicate that the he felt a similar discomfort in his hip while exiting his truck. He used crutches to ambulate and received assistance from co-workers. Despite the crutches and assistance of co-workers, Mr. Humphrey "eventually ended up flat on his back in the parking lot." *Id.* In the medical notes, Dr. Charnes stated the following:

> [T]alking with the patient I feel that he initially injured that hip when he was walking down the stairs a few weeks back with his groceries, maybe that was the initial injury and then he had a further break today. Unclear on that, either way he has a left hip fracture.

*Id.*

Dr. Perkinson, an orthopedic surgeon, operated on Mr. Humphrey's hip on January 6, 2015. (R. 7.) The operation note states, "The patient [is] a 62-year-old

male who reports an approximately 2-week history or antecedent left hip pain after going up stairs. He subsequently had a fall yesterday and was unable to ambulate[.]" *Id.*

Lewisburg Rubber filed a First Report of Injury on January 20, 2015. (R. 1.) The report stated it received notice of the injury on January 17, 2015. On January 28, 2015, Lewisburg Rubber denied Mr. Humphrey's claim, asserting that his injury did not occur in the course and scope of his employment. (R. 2.)

On May 13, 2015, Dr. Perkinson wrote a letter stating he believed Mr. Humphrey's femur fracture "was caused by his fall and not from a prior injury." (R. 3.) Mr. Humphrey filed a PBD seeking temporary disability and medical benefits. (R. 5.) Mr. Humphrey and Lewisburg Rubber did not settle their dispute through mediation, and the Mediating Specialist filed a Dispute Certification Notice (DCN). (R. 14.) The DCN, however, did not list medical benefits as a disputed issue.

When neither party requested a hearing, the Court issued a show cause order. Following a hearing, the Court declined to dismiss the claim but ordered Mr. Humphrey to request a hearing before October 21, 2015. (R. 13.) Mr. Humphrey filed a Request for Expedited Hearing and asked the Court to issue a ruling based on the documents in the claim file. (R. 15.) Mr. Humphrey did not provide an affidavit with his Request for Expedited Hearing. Lewisburg Rubber did not file an objection to the Court considering Mr. Humphrey's Request for Expedited Hearing despite his failure to file an affidavit.

## Application of Law and Conclusion

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987); *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

Under the Workers' Compensation Law, an injury is accidental "only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(13)(A) (2014). "An injury 'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" Tenn. Code Ann. § 50-6-102(13)(B) (2014).

The statutory requirements that an injury arise out of and in the course of the employment are not synonymous "although both elements exist to ensure a work connection to the injury for which the employee seeks benefits." *Blankenship v. Am. Ordnance*, 164 S.W.3d 350, 354 (Tenn. 2005).[2] "Arising out of employment" refers to causation. *Reeser v. Yellow Freight Sys.*, 938 S.W.2d 690, 692 (Tenn. 1997). An injury arises out of employment when there is a causal connection between the resulting injury and the conditions under which the work is required to be performed. *Fritts v. Safety Nat'l Cas. Corp.*, 163 S.W.3d 673, 678 (Tenn. 2005). An injury occurs in the course of employment if it takes place while the employee performs a duty he or she is employed to perform. *Fink v. Caudle*, 856 S.W.2d 952, 958 (Tenn. 1993). Thus, the "course of employment" requirement focuses on the time, place, and circumstances of the injury. *Saylor v. Lakeway Trucking, Inc.*, 181 S.W.3d 314, 318 (Tenn. 2005).

Here, Dr. Charnes' records show that Mr. Humphrey told him he felt a "twinge" in his hip several weeks before January 5, 2015, while carrying groceries and stepping over his cats as he walked down the basement stairs in his home. The pain progressively grew worse. On January 5, 2015, he felt a "pop" in his hip while getting into, or out of, his truck. He described the pop as "very painful," and indicated he could no longer bear weight on his leg. He then used crutches to ambulate towards the office door. Coworkers assisted Mr. Humphrey but he "eventually ended up flat on his back in the parking lot." The medical records do not show that Mr. Humphrey told Dr. Charnes he fell in the parking lot. Instead, the Court reads the records as showing that Mr. Humphrey was already in considerable pain before he "ended up on his back" in the parking lot.

---

[2] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

Additionally, the January 6, 2015 operation note from Dr. Perkison states that Mr. Humphrey experienced two weeks of left hip pain after going up stairs and then had a fall "yesterday"—January 5, 2015. The notes state nothing about the circumstances of the fall including where, or when, it occurred.

Mr. Humphrey maintains in his PBD that he fell in the parking lot. He attributes his broken femur to the fall. Mr. Humphrey, however, provided no sworn testimony via affidavit to support his claim. Accordingly, the only credible evidence before the Court regarding causation comes from the statements attributed to him through the medical records. The Court finds the contents of these statements insufficient to establish that Mr. Humphrey suffered an injury by accident as defined by the Workers' Compensation Law. Instead, the medical records present more questions concerning the cause of his injury than answers. Some of these questions might have been answered if Mr. Humphrey had filed an affidavit supporting his Request for Expedited Hearing.

For these reasons, the Court finds that Mr. Humphrey is not likely to succeed at a hearing on the merits based on the documentation contained in the claim file. Accordingly, Mr. Humphrey's claim for temporary disability benefits is denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Humphrey's claim for temporary disability benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on December 1, 2015, at 9:30 a.m. (CST).

ENTERED ON THIS THE 17th DAY OF NOVEMBER, 2015.

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

Scheduling Hearing:

A Scheduling Hearing has been set with **Judge Joshua Davis Baker, Court of Workers' Compensation Claims. You must call 615-741-2113 or toll free at 855-874-0474 to participate in the Hearing.**

**Please Note:** **You must call in on the scheduled date/time to participate.** **Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the

evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

1. First Report of Injury, filed January 20, 2015
2. Notice of Denial of Claim for Compensation, dated January 28, 2015
3. May 13, 2015 letter from Dr. Brian T. Perkinson
4. Medical records of Fast Pace Medical Clinic, PLLC
5. Petition for Benefit Determination
6. Medical records of Williamson Medical Center
7. Medical records of Dr. Perkinson
8. Medical records of Dr. Calendine
9. Medical records of Dr. Charnes
10. X-ray
11. Lab result
12. Pay checks
13. Show Cause Hearing Order
14. Dispute Certification Notice
15. Request for Expedited Hearing
16. Lewisburg Rubber and Gasket's letter to the Mediating Specialist

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the 17th day of November, 2015.

| Name | Certified Mail | Via Fax | Via Email | Email Address |
|---|---|---|---|---|
| **Andy Humphrey** | | | x | Andh1@bellsouth.net |
| **Gordon Aulgur** | | | x | Gordon.aulgur@accidentfund.com |

_____

**Penny Shrum, Clerk**
**Tennessee Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**